UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:26-cv-20777-KMM

FRANCISCO JUAREZ FARFAN,

    Petitioner,

v.

PAMELA JO BONDI, *et al.*,

    Respondents.
_____/

**ORDER**

THIS CAUSE came before the Court upon Respondents'[1] Motion to Dismiss or Transfer Action ("Resp. Mot." or "Respondents' Motion") (ECF No. 4) and Petitioner Francisco Juarez Farfan's ("Petitioner") Motion to Transfer the Verified Petition for Habeas Corpus and the Civil Rule 65(a) Application for Preliminary Injunction to the U.S. District Court for the Middle District of Florida ("Pet. Mot." or "Petitioner's Motion") (ECF No. 5).

Petitioner brought his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and 2243 and Rule of Civil Procedure 65(a) Application for Preliminary Injunction ("Petition") (ECF No. 1) in this Court on February 5, 2026. Therein, he challenges as unlawful his detention in the custody of Immigration and Customs Enforcement, as he is currently "detain[ed] at their Alligator Alcatraz detention center." Petition ¶ 2. Now, Respondents move to dismiss this Petition or, in the alternative, transfer it to the Middle District of Florida, as "Alligator Alcatraz" is located

---

[1] Respondents in this case are Pamela Jo Bondi, in her official capacity as U.S. Attorney General; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Todd Lyons, in his official capacity as the acting director of Immigration and Customs Enforcement; Garrett J. Ripa, in his capacity as the Field Office Director in Miami, Florida for Immigration and Customs Enforcement; and the Warden at Alligator Alcatraz Detention Center, in his official capacity. (ECF No. 1) ¶¶ 4–8.

in Collier County, which is in the Middle District of Florida. Resp. Mot. at 1. Petitioner states he does not oppose Respondents' Motion, and notes "the Petitioner was mistakenly filed in the Southern District of Florida when it should have been filed in the Middle District of Florida, where Petitioner is detained." Pet. Mot. at 2.

Habeas petitions pursuant to 28 U.S.C. § 2241 generally must be filed in the judicial district where the petitioner is detained at the time of filing. *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) ("For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))). Where a civil action is filed in a court that lacks jurisdiction to decide that action, that court may transfer the action to any court that does have jurisdiction. 28 U.S.C. §§ 1406, 1631; *see also Dobard v. Johnson*, 749 F.2d 1503, 1506–07 (11th Cir. 1985).

Here, Petitioner acknowledges that he was detained at "Alligator Alcatraz," which is located in Collier County in the Middle District of Florida, at the time of filing his Petition. Petition ¶ 2; Pet. Mot. at 2. Therefore, this Court lacks jurisdiction to hear the Petition. *Trump*, 604 U.S. at 672. Rather than dismiss the Petition, the Court finds it is in the "interest of justice" to transfer the case to the Middle District of Florida, where it can properly be heard, rather than forcing Petitioner to refile his Petition and delay adjudication thereof. 28 U.S.C. § 1406(a).

Accordingly, UPON CONSIDERATION of Petitioner's Motion, Respondents' Motion, the pertinent portions of the record, and being otherwise advised of the premises, it is hereby ORDERED AND ADJUDGED that the Clerk of Court is DIRECTED to TRANSFER this action to the Fort Myers Division of the U.S. District Court for the Middle District of Florida, and then to CLOSE this case. Petitioner's Motion (ECF No. 5) is GRANTED, and Respondents' Motion (ECF No. 4) is GRANTED IN PART.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of February, 2026.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record